UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 3:20-cr-84-J-34JRK
18 U.S.C. § 1951
18 U.S.C. § 924(c)

CHRISTOPHER DOZIER

## INDICTMENT

The Grand Jury charges:

### COUNT ONE

1. At all times material to this Indictment, 777 Arcade, located at 2465 New Berlin Road, Jacksonville, Florida, 32218, was an entity that operated in and affected interstate commerce.

2. On or about May 24, 2019, in the Middle District of Florida, and elsewhere, the defendant,

CHRISTOPHER DOZIER,

did knowingly, in any way and degree, obstruct, delay, and affect commerce as that term is defined in 18 U.S.C. § 1951(b)(3), and the movement of any article and commodity in such commerce, by robbery, as that term is defined in 18 U.S.C. § 1951(b)(1), that is, by knowingly and unlawfully taking and obtaining personal property consisting of United States currency of 777 Arcade, from the person and in the presence of another, that is, an employee

1

of 777 Arcade, against the employee's will, by means of actual and threatened force, violence, and fear of injury, immediate and future, to the employee's person.

In violation of 18 U.S.C. § 1951(a) and (b).

## COUNT TWO

On or about May 24, 2019, in the Middle District of Florida, and elsewhere, the defendant,

CHRISTOPHER DOZIER,

did knowingly use, carry, and brandish a firearm during and in relation to a violation of 18 U.S.C. § 1951, as alleged in Count One of this Indictment, being incorporated by reference, a crime of violence for which the defendant may be prosecuted in a Court of the United States.

In violation of 18 U.S.C. § 924(c)(1)(A)(ii).

## COUNT THREE

1. At all times material to this Indictment, Best Arcade, located at 1440 Dunn Avenue, Jacksonville, Florida, 32218, was an entity that operated in and affected interstate commerce.

2. On or about June 19, 2019, in the Middle District of Florida, and elsewhere, the defendant,

CHRISTOPHER DOZIER,

did knowingly, in any way and degree, obstruct, delay, and affect commerce as that term is defined in 18 U.S.C. § 1951(b)(3), and the movement of any article and commodity in such commerce, by robbery, as that term is defined in 18 U.S.C. § 1951(b)(1), that is, by knowingly and unlawfully taking and obtaining personal property consisting of a firearm and United States currency of Best Arcade, from the person and in the presence of another, that is, an employee of Best Arcade, against the employee's will, by means of actual and threatened force, violence, and fear of injury, immediate and future, to the employee's person.

In violation of 18 U.S.C. § 1951(a) and (b).

## COUNT FOUR

On or about June 19, 2019, in the Middle District of Florida, and elsewhere, the defendant,

CHRISTOPHER DOZIER,

did knowingly use, carry, and brandish a firearm during and in relation to a violation of 18 U.S.C. § 1951, as alleged in Count Three of this Indictment, being incorporated by reference, a crime of violence for which the defendant may be prosecuted in a Court of the United States, and did knowingly possess a firearm in furtherance of such crime.

In violation of 18 U.S.C. § 924(c)(1)(A)(ii).

# FORFEITURE

1.     The allegations contained in Counts One through Four are incorporated by reference for the purpose of alleging forfeiture, pursuant to provisions of 18 U.S.C. §§ 981(a)(1)(C), 924(d) and 28 U.S.C. § 2461(c).

2.     Upon conviction for a violation of 18 U.S.C. § 1951, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

3.     Upon conviction of any violation of 18 U.S.C. § 924(c), the defendant shall forfeit, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), all firearms and ammunition involved in or used in the violation.

4.     The property to be forfeited includes, but is not limited to, the following:

    a.     a Rohm RG14S .22 caliber pistol;

    b.     a Smith & Wesson 9mm semiautomatic pistol, stolen from an employee of the Best Arcade;

    c.     approximately $1,877.00, which represents proceeds obtained by the defendant as a result of the offenses.

5.     If any of the property described above, as a result of any act or omission of the defendant:

  a.  cannot be located upon the exercise of due diligence;

  b.  has been transferred or sold to, or deposited with, a third person;

  c.  has been placed beyond the jurisdiction of the Court;

  d.  has been substantially diminished in value; or

  e.  has been commingled with other property which cannot be subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

        A TRUE BILL,

        */s/ Deborah Gianoulis Heald*
        Foreperson

MARIA CHAPA LOPEZ
United States Attorney

By: */s/ David B. Mesrobian*
   David B. Mesrobian
   Assistant United States Attorney

By: */s/ Frank M. Talbot*
   Frank M. Talbot
   Assistant United States Attorney
   Chief, Jacksonville Division

FORM OBD-34
6/15/20 Revised

No.

# UNITED STATES DISTRICT COURT
Middle District of Florida
Jacksonville Division

THE UNITED STATES OF AMERICA

vs.

CHRISTOPHER DOZIER

## INDICTMENT

Violations:  Cts.  1, 3:  18 U.S.C. § 1951(a), (b)
              Ct.  2, 4:  18 U.S.C. § 924(c)(1)(a)(i)

A true bill,

_____
Foreperson

Filed in open court this 17th day of June, 2020.

_____
Clerk

Bail $_____

GPO 863 525